# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| SUSIE L. PINDELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | CIVIL NO. 1:06CV384 |

## ORDER

**THIS MATTER** is before the Court on the Commissioner's motion brought pursuant to sentence four of 42 U.S.C.§ 405(g) to enter a judgment reversing his decision with a remand of the cause for further administrative proceedings.

On remand, the administrative law judge (ALJ) will be instructed to: evaluate the credibility of Plaintiff's subjective complaints in accordance with SSR 96-7p; reassess Plaintiff's residual functional capacity, including a function-by-function assessment of Plaintiff's individual capacities; obtain medical expert testimony if warranted; and, proceed through the sequential evaluation and obtain vocational expert testimony as to specific jobs available, addressing any inconsistencies with the Dictionary of Occupational Titles.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. §405(g), and in light of the Commissioner's assented to request to remand this action for further proceedings,

**IT IS, THEREFORE, ORDERED** that the Commissioner's motion is **ALLOWED**, and the decision denying benefits to the Plaintiff is hereby **REVERSED** under sentence four of 42 U.S.C. § 405(g), and the case is hereby **REMANDED** to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

**IT IS FURTHER ORDERED** that the Clerk prepare and enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

Signed: June 12, 2007

Lacy H. Thornburg
United States District Judge